# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHARLES KILPATRICK, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. |
| PINNACLE AMBULANCE L.L.C., TRUST AMBULANCE, NABIH SABBAGH, & MAMUUD JAMAL, | _____ |
| | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

COMES NOW Charles Kilpatrick ("Plaintiff" or "Kilpatrick") and files this Complaint against Defendants Pinnacle Ambulance L.L.C. ("Pinnacle"), Trust Ambulance ("Trust"),  Nabih Sabbagh ("Sabbagh") & Mamuud Jamal ("Jamal"), (collectively, "Defendants"), and shows the Court as follows:

### INTRODUCTION

Plaintiff is a licensed paramedic formerly employed by Defendants'

ambulance service. Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendants violated the FLSA by improperly classifying Plaintiff as an exempt employee and by failing to pay him overtime wages at one-and-one-half times his regular rate when he worked more than forty (40) hours per week. He seeks unpaid overtime wages, liquidated damages, interest, and attorneys' fees, and costs.

## **JURISDICTION AND VENUE**

1.

This Court has subject matter jurisdiction over this action pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

2.

Venue properly lies in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391 and Local Rule 3.1 because at least one defendant resides therein, a substantial part of the events and omissions giving rise to this Complaint occurred within this division, and Defendant Pinnacle has its principal office in this division.

## **THE PARTIES**

3.

Plaintiff was employed by Defendants within the Atlanta Division of the Northern District of Georgia.

4.

Pinnacle is a Georgia for-profit corporation that transacts business within the Atlanta Division of the Northern District of Georgia. Pinnacle may be served with process via its registered agent, Nabih Sabbagh, at 502 Barstone Place, Peachtree City, Georgia 30047 or at its principal office address of 2839 Mt. Zion Road, Jonesboro, Georgia 30236.

5.

Trust, which purports to be a separate and distinct legal entity although it is not registered with the Georgia Secretary of State, may be served with process by serving Mamuud Jamal, who is the director and an officer of Trust, at 2839 Mt. Zion Road, Jonesboro, Georgia 30236, or 198 Jennifer Lane N.W., Lilburn, Georgia 30047.

6.

Sabbagh is the owner and registered agent of Pinnacle. Upon information and belief, Sabbagh is a Georgia resident. Sabbagh may be served with process at 502 Barstone Place, Peachtree City, Georgia 30047.

7.

Jamal is the director of Trust. Upon information and belief, Jamal is a Georgia resident. Jamal may be served with process at 2839 Mt. Zion Road, Jonesboro, Georgia 30236 or 198 Jennifer Lane N.W., Lilburn, Georgia 30047.

8.

Pinnacle and Trust are licensed Georgia ground ambulance providers that provide medical transport services.

9.

Plaintiff's paychecks were drawn from Pinnacle and Trust's joint account.

10.

Trust may be a subsidiary of Pinnacle, Trust and Pinnacle are an integrated enterprise, and/or Trust may be an alter ego of Pinnacle.

## **FACTUAL BACKGROUND**

11.

Plaintiff was employed by Medixx, a private ground ambulance service until Medixx closed its Jonesboro location in August 2019.  At that time, Trust began operating out of Medixx's former Jonesboro location. Trust continued to employ most, if not all, employees of Medixx, including Plaintiff.

12.

On or about January 14, 2020, Plaintiff's mere title changed to "supervisor". After his title changed, Plaintiff was no longer paid for all hours worked.  Instead, he was compensated for forty hours of labor each week at his regular rate of pay of $21.00 per hour and for an additional ten hours each week at the overtime rate of $31.50 per hour.  Plaintiff received this compensation regardless of the number of hours he worked each week.

13.

Plaintiff's duties as "supervisor" were non-exempt duties under the FLSA.

14.

After his title change, Plaintiff received no compensation for weekly hours worked in excess of fifty.

15.

Between January 14, 2020 and July 18, 2020, the date Plaintiff resigned, Plaintiff worked at least 1,712.6 hours.

16.

January 14, 2020, through July 18, 2020, is a period of 27 weeks. During this time period, Plaintiff was compensated for, at most, 1,350 hours of labor.

17.

Plaintiff received no compensation from Defendants for at least 362.6 hours of labor.

18.

Defendants should have compensated Plaintiff at the rate required by the FLSA, which is one-and-one-half times his regular rate of pay, for each hour of labor in excess of forty hours each week.

19.

Defendants knew or should have known that Plaintiff worked substantially more than 50 hours per week because Plaintiff logged all hours worked in a timekeeping system maintained by Defendants.

20.

Defendants' failure to pay Plaintiff one-and-one-half times his regular rate of pay for all hours worked in excess of 40 per week was pursuant to a policy and practice that Defendants intentionally applied to Plaintiff.

21.

Defendants' FLSA violations were willful, intentional, and not in good faith.

### COUNT ONE: WILLFUL FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

22.

At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

23.

At all times relevant to this Complaint, Defendants have "engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 203 (s) (1) and 29 U.S.C. § 206(a) and "ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. §203(s)(a)(A)(i). Defendants transport patients in

ambulances that have moved in commerce and use medical supplies and equipment that were moved in or produced for commerce.

24.

The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

25.

At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

26.

Throughout the relevant time period, Plaintiff performed non-exempt duties under the FLSA on behalf of Defendants.

27.

Throughout the relevant time period, Plaintiff regularly worked in excess of 40 hours per week.

28.

Throughout the relevant time period, Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay for all hours worked in excess of 40 per week.

29.

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30.

Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

31.

Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages for all of the hours that he worked in excess of 40 per week for which he has not been compensated, an additional and equal amount as liquidated damages for Defendants' willful violation of the FLSA, interest, and reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b) An award of unpaid overtime compensation due under the FLSA;

c) An award of liquidated damages;

d) An award of prejudgment and post-judgment interest;

e) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

f) Such other and further relief as this Court deems just and proper.

*[Signatures continued on following page.]*

Respectfully submitted this 3rd day of August 2021, by:

/s/ *Douglas H. Dean*
Georgia Bar No. 130988
Attorney for Plaintiff
Lawson, Reid & Dean, LLC
P.O. Box 5005
Cordele, GA  31010
(229) 271-9323  Office
(229) 271-9324  Facsimile
*douglas.dean@lawsonreidlaw.com*

s/ *Hayden Headley Hooks*
Georgia Bar No. 786812
Attorney for Plaintiff
Lawson, Reid & Dean, LLC
P.O. Box 5005
Cordele, GA  31010
(229) 271-9323  Office
(229) 271-9324  Facsimile
*hayden.hooks@lawsonreidlaw.com*